**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**

| | |
|---|---|
| IN RE: COUNTRYWIDE FINANCIAL CORP. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:08-MD-01998-TBR<br><br>Honorable Thomas B. Russell |

## JUDGMENT ORDER

WHEREAS, Representative Plaintiffs Cody M. Dragon, Laila Elkhettab, Jay B. Gaumer, Scott Gregg, Matthew B. Martin, Harold L. Mooney, Edmond Moses, Thomas A. Munz, Michael J. Rich, and Kim Wickman, and the defendants, Countrywide Financial Corporation ("Countrywide Financial"), Countrywide Home Loans, Inc. ("Countrywide Home"), Countrywide Bank FSB ("Countrywide Bank"), Full Spectrum Lending Division ("FSL") and Bank of America Corporation ("Bank of America"), for the benefit of Countrywide and its Related Entities (together, "Countrywide"), entered into a Settlement Agreement dated January 20, 2009 [D.E. #7 at Ex. 1], as further amended by the Amendment to the Settlement Agreement [D.E. #41 at Ex. 1], the Second Amendment to the Settlement Agreement [D.E. #94 at Ex. 1], the Third Amendment to the Settlement Agreement [D.E. #105 at Ex. 1], and by the Fourth Amendment to the Settlement Agreement [D.E. #115 at Ex. 1] (collectively, the "Settlement Agreement");

WHEREAS, on December 22, 2009, the Court entered an Order of Preliminary Approval ("Preliminary Approval Order") [D.E. #111], that, among other things:  (a) certified, pursuant to Fed. R. Civ. P. 23, a class for the purposes of settlement only; (b) preliminarily approved the settlement; (c) conditionally approved the form of notice to Settlement Class Members, and the

method of dissemination thereof; (d) directed that appropriate notice of the settlement be given to the Settlement Class; and (e) set a date for the Final Fairness Hearing;

WHEREAS, on February 18, 2010, the Court entered an Order ("Notice Order") [D.E. #116] that, among other things: (a) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; and (b) directed that appropriate notice of the settlement be given to the Settlement Class;

WHEREAS, the notice to the Settlement Class ordered by the Court in its Notice Order has been provided, as attested to in the affidavit of Cameron R. Azari, Esq., filed with the Court on July 6, 2010 [D.E. #231];

WHEREAS, the governmental notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, has been provided, as attested to in the declaration of Melissa A. Wojtylak, filed with the Court on July 6, 2010 [D.E. #229]; and

WHEREAS, on July 19, 2010, a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after such governmental notice;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement, and the record in these proceedings, having heard and considered the evidence presented by the parties and the arguments of counsel, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and noting that, as set forth in ¶ 7.6 of the Settlement Agreement, the application of Co-Lead Counsel Settlement Class Counsel for an award of fees, costs, and expenses, and Representative Plaintiff

and Named Plaintiff awards is separate from the issue of whether final approval should be given to the settlement set forth in the Settlement Agreement, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      The Court incorporates by reference the definitions set forth in the Settlement Agreement.  Where a term defined in the Settlement Agreement filed at [D.E. #7 at Ex. 1], has been amended by a later Settlement Agreement amendment, the later definition of the term controls.  Without limiting the effect of that incorporation, the following terms used in this Judgment Order have the following meanings defined in the Settlement Agreement and the amendments thereto:

a.      The term "Claims" has the following meaning:

All known claims and Unknown Claims, actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity.

b.      The term "Litigation" has the following meaning:

All Claims, actions and proceedings asserted, or that could be asserted, against Countrywide arising out of or related to the alleged theft of the Private Information by or on behalf of consumers who are members of the Settlement Class.

c.      The term "Released Claims" has the following meaning:

Any and all Claims (including, without limitation, any causes of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, Gramm-Leach-Bliley Act 15 U.S.C. § 6801 *et seq.*, the California Business & Professional Code § 17200 et seq., California Civil Code § 1798.80–84 *et seq.*, California Civil Code § 1798.53, and all similar statutes in effect in any other states in the United States as defined herein; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; and wantonness), and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses,

-3-

pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against Countrywide or its Related Entities based on, relating to, concerning or arising out of the alleged theft of the Private Information or the allegations, facts, or circumstances described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or Countrywide or its Related Entities to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

d.      The term "Unknown Claims" has the following meaning:

Any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know of or suspect to exist in his or her favor at the time of the release of Countrywide which, if known by him or her, might have affected his or her settlement with and release of Countrywide, or might have affected his or her decision not to object to and/or participate in this settlement.   With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States, or principle of common law which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released

Claims, but the Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the settlement of which this release is a part. Notwithstanding the foregoing, the Settling Parties acknowledge and incorporate here as if fully set forth herein the last sentence of ¶ 1.23 ["Released Claims"] above.

e.      "Related Entities" means any past or present director, officer, employee, agent, attorney, predecessor, successor, parent, subsidiary, division and any affiliated entity of Countrywide, but excluding Rene L. Rebollo, Jr.

f.      "United States" as used in this Settlement Agreement includes the District of Columbia, Puerto Rico, U.S. Virgin Islands, Guam, and any other recognized territory of the United States.

2.      The Court has jurisdiction over the subject matter encompassed by the Settlement Agreement, and jurisdiction over the persons of all Settling Parties, including all Settlement Class Members.

3.      The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.      Pursuant to Fed. R. Civ. P. 23 and this Court's Preliminary Approval Order, for the purposes of settling the Released Claims against Countrywide in accordance with the Settlement Agreement, the following Persons are members of the Settlement Class:

[A]ll Persons in the United States who: (1) received a letter from Countrywide anytime from August 2, 2008 to and including November 2, 2008, notifying them that their personal information was involved in an alleged theft committed by a Countrywide employee; or (2) who obtained a mortgage from Countrywide or whose mortgage was serviced by Countrywide prior to July 1, 2008. Countrywide, for this purpose, does not include Bank of America. Excluded from the definition of the Settlement Class are (i) Countrywide and its officers and directors; (ii) the Court presiding over any motion to approve this Settlement Agreement; (iii) any Person or entity named as a defendant in any of the pending lawsuits in the Litigation; and (iv) those Persons who timely and validly request exclusion from the Settlement Class.

5.     Excluded from the Settlement Class are those Persons identified in DN 280, Ex. A, hereto who submitted timely and valid requests for exclusion from the Settlement Class ("Opt-Outs"). Opt-Outs shall receive no benefits under the terms of the Settlement Agreement, and shall not be bound by this Judgment Order.

6.     Representative Plaintiffs and Co-Lead Settlement Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

7.     All objections to the settlement set forth in the Settlement Agreement having been considered, and having been found either to be mooted by the settlement, not supported by credible evidence, or are additionally and otherwise invalid, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Settlement Class, and is hereby approved.

8.     Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims against Countrywide is asserted.

9.     Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs and each Named Plaintiff,  shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims.  As to parties before the Court, actual written notice of the Effective Date can be accomplished by filing a Notice of Filing on the MDL docket.  Within a reasonable practical time following the Effective Date, but no later than thirty (30) days after actual written notice of the transpiring of the Effective Date, each Settlement Class Member, Representative Plaintiff, and Named Plaintiff shall dismiss with prejudice any claim or action predicated upon a Released Claim or several Released Claims, or when multiple parties in a pending case have not opted-out, then themselves and their claims from said case.

10.     Upon the Effective Date, Representative Plaintiffs, Countrywide, and Settlement Class Members shall perform under the Settlement Agreement according to the terms of the Settlement Agreement.  The Settlement Agreement and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein, and shall have the full force and effect of an order of this Court.

11.     Upon the Effective Date, Countrywide shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged Representative Plaintiffs, Settlement Class Members, Co-Lead Settlement Class Counsel, and all other Plaintiffs' Counsel who have consented to and joined in the settlement, from all claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except as set forth in the Settlement Agreement .

12.     Neither this Judgment Order, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the

Settlement Agreement or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Countrywide; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Countrywide in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Countrywide may file the Settlement Agreement  and/or this Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    The Court has reviewed the attorneys' fees, costs, and expenses, and Representative Plaintiff and Named Plaintiff awards motion filed by Co-Lead Settlement Class Counsel on behalf of all Plaintiffs' Counsel, and hereby awards attorneys' fees in the amount of $ 3.5 million  , costs and expenses in the amount of $ 100,000.00 , Representative Plaintiff awards in the amount of $ 500.00 each to Cody M. Dragon, Laila Elkhettab, Jay B. Gaumer, Scott Gregg, Matthew B. Martin, Harold L. Mooney, Edmond Moses, Thomas A. Munz, Michael J. Rich, and Kim Wickman, and Named Plaintiff awards in the amount of $ 250.00 to each of the other Named Plaintiffs in these actions.  All attorneys' fees, costs, expenses, and Representative Plaintiff and Named Plaintiff award payments by Countrywide shall be made to Co-Lead Settlement Class Counsel.  The Court recognizes that Co-Lead Settlement Class Counsel are most familiar with the participation and contributions of Plaintiffs' Counsel in this litigation, and, accordingly hereby orders and provides that they shall be and are hereby authorized to allocate and distribute said funds amongst Plaintiffs' Counsel in their sole

discretion to be reasonably applied.  Any dispute concerning said allocations shall be under the jurisdiction of this Court.

14.     The Settling Parties have stipulated, and the Court has determined, that the Court's decision to grant final approval of the settlement set forth in the Settlement Agreement is separate from the issues raised by Co-Lead Settlement Class Counsel's motion for attorneys' fees, costs, and expenses, and Representative Plaintiff and Named Plaintiff awards.

15.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, performance, and enforcement of the terms of the Settlement Agreement.

16.     In the event the Effective Date does not occur, this Judgment Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Judgment Order and all orders entered in connection herewith shall be vacated and null and void.  Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, and/or expenses awarded to Co-Lead Settlement Class Counsel shall constitute grounds for cancellation or termination of the Settlement Agreement.

        SO ORDERED.